# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-134V
Filed: October 16, 2014
Not for Publication

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CRAIG A. SIGEL,              * | |
|                                     * | |
|         Petitioner,              * | |
|                                  * | Damages decision based on stipulation; |
| v.                           * | influenza (flu) vaccine; Guillain-Barré |
|                                  * | Syndrome (GBS) |
| SECRETARY OF HEALTH          * | |
| AND HUMAN SERVICES,          * | |
|                                  * | |
|         Respondent.              * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Anne C. Toale</u>, Sarasota, FL, for petitioner.
<u>Traci R. Patton</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION AWARDING DAMAGES[1]

       On October 16, 2014, the parties filed the attached stipulation in which they agreed to settle this case and described the settlement terms. Petitioner alleges that he suffered from Guillain-Barré Syndrome ("GBS") that was caused by his receipt of influenza ("flu") vaccine on October 17, 2011. He further alleges that he experienced the residual effects of this injury for more than six months. Respondent denies that the flu vaccine caused petitioner to suffer from GBS or any other injury and further denies that petitioner's current disabilities are sequelae of a vaccine-related injury. Nonetheless, the parties agreed to resolve this matter informally.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to delete such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall delete such material from public access.

The undersigned finds the terms of the stipulation to be reasonable. The court hereby adopts the parties' said stipulation, attached hereto, and awards compensation in the amount and on the terms set forth therein. Pursuant to the stipulation, the court awards:

a. a lump sum of **$1,208,458.33**, representing compensation for first year life care expenses ($311,644.01), lost earnings ($612,303.45), pain and suffering ($239,827.85), and past unreimbursable expenses ($44,683.02). The award shall be in the form of a check for **$1,208,458.33** made payable to petitioner;

b. a lump sum of **$72,437.18**, representing reimbursement of a Commonwealth of Massachusetts Medicaid lien. The award shall be in the form of a check for **$72,437.18** made payable jointly to petitioner and

>  COMMONWEALTH OF MASSACHUSETTS – CRU
>  COMMONWEALTH OF MA
>  Casualty Recovery
>  P.O. Box 417811
>  Boston, MA 02241-7811
>  Attn: Stacey Alvarado

Petitioner agrees to endorse the check to the Commonwealth of Massachusetts – CRU; and

c. an amount sufficient to purchase the annuity contract described in paragraph 10 of the attached stipulation. The award shall be in the form of a check made payable to the life insurance company from which the annuity will be purchased.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: October 16, 2014                                          s/ Laura D. Millman
                                                                 Laura D. Millman
                                                                 Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| CRAIG A. SIGEL, <br><br>              Petitioner, <br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES <br><br>              Respondent. | No. 13-134V <br> Special Master Millman <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Craig A. Sigel, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on October 17, 2011.

3. The vaccination was administered within the United States.

4. Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as the result of receiving the flu vaccine and that he experienced residual effects of this injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

1

6. Respondent denies that the flu vaccine caused petitioner to suffer from GBS, or any other injury, and denies that his current disabilities are sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

> a. A lump sum of $1,208,458.33, which amount represents compensation for first year life care expenses ($311,644.01), lost earnings ($612,303.45), pain and suffering ($239,827.85), and past unreimbursable expenses ($44,683.02), in the form of a check payable to petitioner;

> b. A lump sum of $72,437.18, which amount represents reimbursement of a Commonwealth of Massachusetts Medicaid lien, in the form of a check payable jointly to petitioner and

> > COMMONWEALTH OF MASSACHUSETTS - CRU
> > COMMONWEALTH OF MA
> > Casualty Recovery
> > P.O. Box 417811
> > Boston, MA 02241-7811
> > Attn: Stacey Alvarado

Petitioner agrees to endorse the check to the Commonwealth of Massachusetts – CRU.

> c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Craig A. Sigel, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Medicare Part B Premium, Medicare Supplement, and Medicare Part D expenses, beginning on the first anniversary of the date of judgment, an annual amount of $5,842.80 to be paid up to the anniversary of the date of judgment in year 2028. Thereafter, beginning on the anniversary of the date of judgment in year 2028, an annual amount of $5,443.44 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable PT Evaluation and OT Evaluation expenses, beginning on the first anniversary of the date of judgment, an annual amount of $530.00 to be paid up to the anniversary of the date of judgment in year 2017, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

c. For future unreimbursable PT and OT expenses, beginning on the first anniversary of the date of judgment, an annual amount of $19,521.85 to be paid up to the anniversary of the date of judgment in year 2017, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

d. For future unreimbursable Simethicone, Senokot, Colace, Ducolax, Magnesium Oxide, and Miralax expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,326.15 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Weights, Calibration of Omni Cycle, Leg Mount for iPad, Cell Phone Holder, Kitchen and Eating Aid, and Lift Battery expenses, beginning on the first anniversary of the date of judgment, an annual amount of $282.31 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Replacement Mat and Omni Cycle Elite Rehabilitation System expenses, on the anniversary of the date of judgment in year 2023, a lump sum of $6,995.00. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $949.50. Thereafter, beginning on the anniversary of the date of judgment in year 2025, an annual amount of $724.50 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Urinal, Wipe, Non-Sterile Glove, Paraffin Wax Bath, and Wax Refill expenses, beginning on the first anniversary of the date of judgment, an annual amount of $314.12 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable Hot Pack for Hands, Hot Pack for Shoulders, Knees and Back expenses, on the anniversary of the date of judgment in year 2019, a lump sum of $39.63. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $39.63. Then, on the anniversary of the date of judgment in year 2029, a lump sum of $39.63. Then, on the anniversary of the date of judgment in year 2034, a lump sum of $39.63. Thereafter, beginning on the anniversary of the date of judgment in year 2035, an annual amount of $7.93 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

i. For future unreimbursable ECU, App, Hand Held Shower, Sonicare, Manual Wheelchair, Cushion, Cushion Cover, Wheelchair Pouch, Over-bed Table, and Power Lift Recliner expenses, on the anniversary of the date of judgment in year 2019, a lump sum of $606.13. Then, on the anniversary of the date of judgment in year 2021, a lump sum of $868.99. Then, on the anniversary of the date of judgment in year 2024, a lump sum of $4,006.93. Then, on the anniversary of the date of judgment in year 2028, a lump sum of $868.99. Then, on the anniversary of the date of judgment in year 2029, a lump sum of $606.13. Then, on the anniversary of the date of judgment in year 2034, a lump sum of $4,006.93. Then, on the anniversary of the date of judgment in year 2035, a lump sum of $1,330.30. Thereafter, beginning on the anniversary of the date of judgment in year 2036, an annual amount of $585.45 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

j. For future unreimbursable Case Management expenses, on the first anniversary of the date of judgment, a lump sum of $480.00. Thereafter, beginning on the anniversary of the date of judgment in 2016, annual amount of $240.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

k. For future unreimbursable Modified Van expenses, on the anniversary of the date of judgment in year 2024, a lump sum of $52,603.20. Then, on the anniversary of the date of judgment in year 2034, a lump sum of $52,603.20. Thereafter, beginning on the

anniversary of the date of judgment in year 2035, an annual amount of $5,260.32 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

l. For future unreimbursable Attendant and Home Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $128,997.50 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

m. For future unreimbursable Electric Hospital Bed expenses, on the anniversary of the date of judgment in year 2029, a lump sum of $4,389.00. Thereafter, beginning on the anniversary of the date of judgment in year 2030, an annual amount of $292.60 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth above in paragraph 10 may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Craig A. Sigel, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Craig A. Sigel's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and

Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and his attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in his individual capacity, on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the

Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 17, 2011, as alleged by petitioner in a petition for vaccine compensation filed on or about February 21, 2013, in the United States Court of Federal Claims as petition No. 13-134V.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that petitioner's flu vaccine caused petitioner's GBS, or any other injury or his current disabilities.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

Respectfully submitted,

PETITIONER:

_[signature: Craig A. Sigel]_
CRAIG A. SIGEL

ATTORNEY OF RECORD FOR PETITIONER:

_[signature]_
ANNE CARRION TOALE, ESQ.
MAGLIO CHRISTOPHER & TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

_[signature]_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

_[signature]_
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Acting Director, Division of Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

_[signature]_
TRACI R. PATTON
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 353-1589

Dated: 10-15-2014